THE PEOPLE, *ex rel.* Octavius Barron, *vs.* THE MONROE OYER AND TERMINER.

After a conviction, an indictment will not be quashed on the ground that during the pendency of the trial, a *second indictment* for the *same offence* was found by the grand jury.

The mere finding of a *second indictment* is not *per se* a supersedeas to the first indictment ; a motion to quash must be made, and made too before the trial on the first indictment has commenced ; at all events, before the cause is submitted to the jury. Ordinarily a motion to quash must be made previous to plea pleaded, or any evidence given in the case.

A *mandamus* will not be granted to a court acting under a special commission which has expired by its own limitation previous to the motion for the suit.

Two indictments for same offence. The relator was convicted upon a charge of murder at a special oyer and terminer, held in the county of Monroe on the fourth Monday of May last. Pending the trial, a second indictment was found by the grand jury for the same offence. After the conviction upon the first, and when the presiding judge was about to pronounce sentence upon the prisoner, a motion was made by his counsel to quash the indictment upon a provision of the statute, 2 *R. S.* 726 § 42, which is as follows : " If there be at any time pending against the same defendant two indictments for the same offence; or two indictments for the same matter, though charged as different offences, the first found *shall be deemed* to be superseded by the second indictment, and *shall be quashed.*" The court denied the motion and an application is now made for a writ of *mandamus*, directing the oyer and terminer to quash the indictment.

The following opinions were delivered :

By Chief Justice NELSON. The court of oyer and terminer at which the relator was tried was held under a special commission, which has expired ; and as the writ is intended to act, and must, to be effectual, act upon the inferior tribunal, we cannot but see that it would be an unavailable remedy ; the court could not possibly enforce it. This view of itself would be a sufficient answer

The People *v*. Monroe Oyer and Terminer.

to the motion now made. We have no difficulty, however, upon the merits of the application. The statutes declaring in terms that the first indictment shall be deemed to be superseded by the second, intended simply to prescribe the rule of the case ; not that it should become waste paper and nugatory, without the action of the court ; the subsequent clause directing that it shall *be quashed*, as well as the fitness and propriety of the proceeding in the particular case, affords a sufficient indication that this must have been the intent of the legislature. The time when a court will entertain a motion to quash an indictment, rests in some degree in the exercise of a sound discretion ; but it appears to be conceded in the books that it must be made before the case is submitted to the jury ; ordinarily it must be made before plea pleaded, or any evidence given in the case. This view of the usual practice of the court in these cases would also afford a sufficient answer to the application for the writ, as no motion to quash was made to the court below until after the trial and conviction ; and we feel less difficulty in yielding to a strict observance of this practice, inasmuch as the motion is predicated upon grounds altogether technical, and in no particular connected with the proceedings or trial upon the merits ; it is not pretended but the prisoner has had a full and fair trial, and that the conviction is in accordance with law.

But we are disposed to put the denial of the application upon still broader ground, and to construe the statute as referring to the case of indictments before the trial upon either has commenced, and as intending simply to indicate the rule which shall guide the public prosecutor and the courts in respect to the indictment upon which a trial may be had ; and also to enable the prisoner to know upon which he will be tried. Another object, doubtless, was, to protect him against the injustice of being held to bail upon two separate indictments charging the same offence.

It surely could not have been the intention to give to the action of the grand jury, in finding the second indictment, an effect that would break up a pending trial upon the first ; or, as contended in this case, that would even avoid a regular conviction. Such

a view of the section would involve a folly and absurdity that should not be imputed to the makers of the law, when effect may be given to it consistent with sound principles.

We therefore deny the motion.

Mr. Justice Bronson concurred in the above opinion.

By Cowen, J.    The statute is very strong.    But it clearly contemplates the action of the court.    The finding of the second indictment does not *ipso facto* annul the first ; there must be a motion to quash.    That motion certainly cannot be made after the trial and a verdict found.    Nor should the court grant any relief on motion where the prisoner has been guilty of laches. On motion after trial, he should at least clear himself of laches by affidavit, which was not done in this case.    Besides, after verdict, it was a matter of discretion whether the court would listen to the application ; with the exercise of which we can not interfere by mandamus.    Nor can we enforce a mandamus directed to a special court of oyer and terminer limited to a short time in its existence.    The statute is a very singular one.    Why it should have been passed in regard to a matter which stood on a much better footing at the common law, it is difficult to conceive. In general the objection that a second indictment has been found is merely technical ; and in case of any real inconvenience to the prisoner, it was always the duty of the court to interfere.    It may be too much to say that under the broad language of this act, unqualified and restricted by no words except the pendency of the two indictments, the motion must be made before the trial on the first begins.    Both indictments may be said to be pending until one is determined by a verdict.    But it is unnecessary to distinguish here whether the motion must precede or may be made during the trial.    All I mean to say is, that independent of that question, I cannot consent to a mandamus under the circumstances of this case.