*W. Penn Clarke*, for appellant.

*J. E. Neal*, for appellee.

———⁂——◦ ◦ ◦——

REDDAN *v.* THE STATE.

Where the first indictment was mislaid, a second indictment was found for the same offense, and on motion quashed, and thereupon the first indictment was found : held, that the second indictment did not supersede the first.

An *indictment* for an assault with intent to inflict a bodily injury, should aver in substance that no considerable provocation appeared, or that the circumstances of the assault showed an abandoned and malignant heart.

An indictment should charge the facts and circumstances constituting the offense in substantial compliance with the law defining the crime.

### Error to Dubuque District Court.

*Opinion by* GREENE, J. Indictment for an assault with intent to inflict a bodily injury. When the case came on for trial, the indictment was said to be lost, and another indictment was found for the same offense. This second indictment was considered defective, and quashed. In the meantime, the lost indictment was found ; and upon this, the plaintiff in error was tried and found guilty. To these proceedings, and to the sufficiency of the indictment, objections were urged, and overruled in the court below.

1. It is claimed that the court erred in deciding that the

finding of a second indictment did not supersede the first ; upon which defendant was tried.  As the first indictment, was thought to be lost, it seemed necessary that the grand-jury should present another indictment for the offense ; but as the second indictment was quashed, and the first indict·ment found, the first was fully reinstated, and in no way impaired by the proceeding under the second.  If both had been before the court, at the same time, for the same offense, that fact might have been pleaded.  *The State* . v. *Whitmore*, 5 Pike, 247.

After the second indictment was quashed, the first stood alone ; and therefore it could not be objected that there was another indictment pending for the same offense.

It was held in *The People* v. *Monroe*, 20 Wend., 108 that the mere finding of a second indictment is not, *per se*, a supersedeas of the first.  We conclude, then, that the court very properly overruled this objection.

2. The first indictment was objected to on the ground that the offense is not charged in the language of the statute under which it was found.  *Rev. Stat.*, 169, § 20.  The crime, under this statute, consists of an " assault with a deadly weapon, instrument, or other thing, with an intent to inflict upon the person of another a bodily injury, when no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart," &c.  The indictment does not, either in substance or form, charge the offense as it is defined by law.  It does not allege that there was no considerable provocation, nor that the circumstances of the assault showed an abandoned and malignant heart.  There is no kind of an averment in reference to provocation, or the circumstances of the assault, or the condition of the heart ; nothing in the indictment that could indicate the offense defined in that section of the statute to which we have referred.  It cannot, therefore, be considered a good indictment under the statute, for no "indictable offense is clearly charged therein." *Rev. Stat.*, 153, § 46.

Reddan *v.* The State.

It is urged by the attorneys for the State, that as one count in the indictment charges the assault to have been "feloniously and maliciously," "wilfully and wickedly" committed, the averment is in every respect equal to the words used in the statute. They may express an equal, if not a much greater degree of turpitude, but they do not, in any particular, characterize the offense as it is defined by statute. There is no analogy in language, or in the facts. The attorney must have had in his mind the law of some other state or country, where the facts and circumstances constituting the offense are materially different from those defined by our statute.

We do not pretend that an indictment should follow the very language of the statute ; but it should charge the facts and circumstances constituting the offense, in substantial compliance with the law defining the offense. *Buckley* v. *State*, 2 G. Greene, 162 ; *Nash* v. *State*, ib., 286 ; *State* v. *Chambers*, ib., 302.

The indictment in the present case is so foreign to any law in this state, defining the offense, that we must pronounce it bad.

Judgment reversed.

*J. Burt*, for plaintiff in error.

*D. S. Wilson* and *P. Smith*, for the State.