The People *v.* Barry.

---

SUPREME COURT. New York General Term, February 1860. *Sutherland, Allen* and *Bonney,* Justices.

## THE PEOPLE *v.* RICHARD BARRY.

An order quashing a conviction and sentence, is not reviewable on writ of error under the act of 22d March, 1852. That act is only applicable to judgments.

THIS was a writ of error on behalf of the People to the New York General Sessions.

The prisoner was indicted on the 21st of May, 1858, for an assault upon Philip Wolfe, with intent to kill. On the same

day another indictment was presented against him for a rob-
bery, by violence, in stealing over $100 from the person of Philip
Wolfe. To the first indictment the prisoner pleaded guilty of an
assault and battery, and was sentenced to four months' imprison-
ment, on the 23d of October, 1858. On the 5th of November,
1858, a notice was given of a motion for a new trial, and on the
15th of November, 1859, an order was made in the Sessions, by
the city judge, that the conviction and sentence upon convic-
tion be quashed, and that the order of imprisonment be revoked,
" said indictment having been, on the same day, by operation
of the statute, superseded and quashed by the filing of another
indictment for the same matter, although charged as a robbery."

*N. J. Waterbury* (District Attorney), for the appellants.

I. The section of the act referred to (3 *R. S.*, 5*th ed.*, 1018,
*marg. p.* 726, § 42), reads: "If there be at the time pending
against the same defendant two indictments for the same offence,
or two indictments for the same matter, though charged as
different offences, the indictment first found shall be deemed to
be superseded by such second indictment, and shall be quashed."
The case involved only elementary principles.

As a matter of practice, the motion to quash cannot be
entertained after plea, impanneling of jury, giving of evidence,
and conviction; and it is decided that under the last above
statute, a motion must be made before such indictment will be
quashed.

II. The indictments presented different offences and different
matters severally, unless a grand larceny is the felonious assault
by one person upon another.

*Brown, Hall* and *Vanderpoel,* for the respondent, moved to
quash the writ.

*By the Court,* SUTHERLAND, J. The order of the city judge,
on November, 15, 1858, quashing the previous conviction of
the defendant, Barry, and his sentence on such conviction,
by the Recorder, on October 23, 1858, and revoking and an-

The People *v.* Barry.

nulling the Recorder's order of imprisonment, was not a judgment upon the indictment, but was, or purported to be, an order quashing and annulling the previous proceedings before and by the Recorder in this case.

The act of 1852, allowing writs of error to be brought in behalf of the People in certain cases, allows such writs "to review any judgment rendered in favor of any defendant upon any indictment," &c. The order or proceeding of the city judge, of November 15, so far from being a judgment rendered upon the indictment, was an order or proceeding annulling and destroying, or undertaking to annul and destroy, a previous judgment rendered upon the indictment.

Therefore it is clear, however unauthorized or erroneous the order of the city judge, on November 15th, may have been, that such order cannot be reviewed or such error corrected by writ of error under the act of 1852, and that the motion made by defendant to quash the writ of error in this case must be granted.

BONNEY, J. In the Court of Sessions, on the 21st May, 1858, the indictment was found against Richard Barry, for assault and battery with intent to kill. On the same day, at a later hour, an indictment for robbery in the first degree was found against the same person, for the same act or matter for which the first indictment was found. On the 4th October, 1858, Barry was arraigned on the indictment first found, and then pleaded guilty of an assault and battery; and upon that plea was, on 23d October, 1858, sentenced to imprisonment in the penitentiary for the term of four months.

On the 5th November, 1858, a motion was made in Sessions, on the said indictments and other papers, for a new trial, on the ground of irregularity in the proceeding and on the merits, and on the 15th November, 1858, that court ordered that said conviction and sentence be quashed, and the order of imprisonment to the sheriff thereon be revoked and annulled, "for the irregularity of taking the same on the indictment found May 21, 1858, against the said Richard Barry, charging him with

an assault and battery, with intent to kill one Philip Wolfe, said indictment having been on the same day, by operation of the statute, superseded and quashed by the filing of another indictment for the same matter, although charged as the offence of robbery." This last order of the Sessions is now brought before this court, by writ of error, for review.

The counsel for Barry move to quash the writ of error as unauthorized by law. In the case of *The People* v. *Corning* (2 *Comst.*, 9), decided in December, 1848, the Court of Appeals dismissed the writ of error, on the ground that a writ of error to that court would not then lie in behalf of the People after judgment for the defendant in a criminal case; and in the opinion in that case, Judge Bronson also expresses the opinion that the writ in behalf of the People would not be from the Sessions to Supreme Court. By the act of 22d March, 1852 (*Laws of* 1852, 76, *ch.* 82), it is enacted that writs of error to review any judgment rendered in favor of any defendant, upon any indictment for a criminal offence (except after acquittal by a jury), may be brought in behalf of the People, &c., on being allowed by a justice of the Supreme Court. In this case, the judgment of the court below was rendered on the 23d of October, 1858, on conviction by confession, that Barry be imprisoned in the penitentiary four months. Afterwards it was, by the Court of Sessions, on motion, ordered that said conviction and sentence be quashed for irregularity, &c. In my opinion, this order or decision of the Court of Sessions, on motion, was not a judgment rendered upon the indictment, within the meaning and intent of the act of 1852. The motion to quash the writ of error, should consequently be granted.

The order of the Court of Sessions sought to be reviewed, was by that court founded on 2 *Revised Statutes*, 726, section 42, which is in the following words: "If there be, at any time, pending against the same defendant, two indictments for the same offence, or two indictments for the same matter, although charged as different offences, the indictment first found shall be deemed to be superseded by such second indictment, and shall be quashed."

The People *v.* Barry.

In this case two indictments for the same matter, but charged as different offences, were on the same day (21st May, 1858) found against the defendant. Afterwards, on the 4th October, 1858, on being arraigned on the first indictment, which was for the minor offence, by leave of the court and consent of the District Attorney, he pleaded guilty of an offence less than that charged, and on that conviction by confession, sentence was pronounced October 23d, 1858.

The statute is clear and positive, and there can be no question that, on the finding of the second indictment, the defendant was entitled to have the first indictment quashed. But the statute does not say that the first indictment shall, on the finding of the second, become void, so that no trial or conviction thereupon can afterwards be had by confession or otherwise. Some action by the court, on motion, in behalf of the accused, or otherwise, to put that indictment out of the way, was evidently intended, and an order of the court was necessary to quash it.

From the case as it now appears, it is a legitimate conclusion that this defendant preferred a conviction by confession, on the indictment for the minor offence, in its mitigated form, to the hazard of a conviction by the jury, on trial of the indictment for the greater offence, and acted accordingly. In my opinion, it was competent for him to waive the provision of the statute in his favor, and I think he has clearly and advisedly done so; and that after his confession, he had no right to claim the benefit of the statute which he has so waived. The cases of *The People* v. *Monroe Oyer and Terminer* (20 *Wend.*, 108), is direct authority on this point. If, however, I am right in the conclusion first stated, we have no power to correct the error committed by the court below.