## PEOPLE v. DAVIS.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

CRIMINAL LAW (§ 177*)—JEOPARDY—INDICTMENT—VACATION ON DEMURRER—
. ORDER OF RESUBMISSION—NECESSITY.

Code Cr. Proc. § 327, provides that a judgment sustaining a demurrer to an indictment is a bar to further prosecution, unless an order of resubmission to the grand jury is made, and section 329 specifies the procedure on resubmission. *Held* that, where an order was entered sustaining a demurrer to an indictment without any order for resubmission, jeopardy attached, and an indictment subsequently obtained for the same offense was unsustainable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 313–319; Dec. Dig. § 177.*]

Appeal from Queens County Court.

Richard Davis, alias Richard Tobin, was convicted of burglary in the second degree as a second offense, and from an order denying his motion for a new trial, he appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Eugene N. L. Young, of Long Island City, for appellant.
W. J. Creamer, of Long Island City, for the People.

JENKS, P. J. When the District Attorney moved the trial, the defendant at once objected that the indictment was found illegally and without authority of law, in that the grand jury was without jurisdiction because theretofore, on November 28, 1911, when an indictment for the same offense was moved for trial and a jury was sworn, a demurrer interposed upon the ground that the facts stated in said indictment were insufficient to constitute the crime charged was sustained, and that after such decision no order for resubmission was granted. The district attorney was mute, and the court ruled, "Motion denied," and an exception was taken. The defendant then objected to the swearing of a jury, upon the ground that the defendant was again placed in jeopardy of his constitutional rights. The court ruled, "Motion denied," and an exception was taken. Objection was renewed to proceeding upon the trial of the indictment. The defendant refused to plead, and the court directed the entry of a plea of not guilty. The court then tried the case with a jury, and the defendant was convicted and sentenced. When the people rested, the defendant moved to dismiss the indictment and for a direction of acquittal, both upon the grounds theretofore raised, which I have detailed, and also for a failure of proof, but the motion was denied under exception. Thereupon the defendant called to the witness stand an assistant district attorney, who testified that he had held such office on November 28, 1911; that he had, on November 28, 1911, moved for trial a certain indictment specified against the defendant for burglary committed on July 8th upon the premises of P. F. Reilly; that a jury was sworn,

and that a mistrial was declared; and that on the same day the grand jury found the indictment upon which this defendant was then on trial. The witness was then asked this question:

"Q. And that on the same day the district attorney of Queens county went to the grand jury room and obtained indictment No. 3435, now being tried in this court? A. From the records of the office I have that information. Q. Was any order of resubmission obtained by the district attorney from the county judge authorizing or directing a resubmission of the charge of burglary against Richard Davis on the house of Reilly? A. Based on the information which I have obtained in the office, I answer, 'No.' Q. There is no such order in existence, to your knowledge? A. Not to my knowledge."

Thereupon the defendant read into the record that it appears from the records of this court that the defendant was tried on the 28th day of November, 1911, and that on motion of defendant's counsel the trial was declared a mistrial, and that, on December 7, 1911, on motion of the district attorney, the indictment was ordered dismissed. The defendant also moved, but without avail, to have the verdict set aside and for a new trial on various grounds.

In People v. Rosenthal, 197 N. Y. 394–401, 90 N. E. 991–994, 46 L. R. A. (N. S.) 31, the court say:

"The defendant was not put in jeopardy by the first indictment, as he was not arraigned thereunder, nor did he demur or plead thereto. If he had demurred, and the demurrer had been sustained, a second indictment could not have been lawfully found without an order of resubmission, as authorized by the Code of Criminal Procedure, which has modified the practice at common law in this regard to some extent. Code Cr. Proc. §§ 327, 329. By the express command of the statute, a judgment sustaining a demurrer is a bar to a further prosecution for the same offense, unless such an order is made."

I think that the record sufficiently shows that after the first indictment was found a demurrer was successfully interposed, and that there was no order for a resubmission made. The statement of the defendant was not challenged by the people; it related to matters of record in the minutes of that court, and it was substantiated, at least in part, by the testimony of the public officer who had charge of the prior trial. It is not contended upon this appeal that the facts were otherwise. Plainly these statutory provisions, considered in People v. Rosenthal, supra, are "for the benefit of the accused," and therefore confer "a substantial right, which cannot be disregarded without his consent." People v. McQuade, 110 N. Y. 284, 294, 18 N. E. 156, 1 L. R. A. 273. I think that the motion was in substance to set aside the indictment, and that, therefore, a fatal point was properly and duly made. Section 312, Code of Criminal Procedure.

I advise that the judgment of conviction be reversed, and new trial ordered. All concur.