THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PAUL G. KELLY, Defendant.

Court of General Sessions, New York County, June 10, 1931.

*Thos. C. T. Crain, District Attorney,* for the plaintiff.

*Henry A. Lowenberg,* for the defendant.

FRESCHI, J.   The May grand jury of the county of New York indicted the defendant for the crime of sodomy on the 1st day of May, 1931; and after the defendant joined issue by entering a plea of not guilty he was duly tried before this court and a jury and adjudged guilty on May 13, 1931.   After the verdict, defendant's motion to set it aside was denied.   Pending imposition of sentence, counsel for the defendant on his behalf has again moved this court to set aside the conviction and to dismiss the indictment.

In the course of the trial the defendant introduced in evidence the papers in this case which had been transmitted to the grand jury by the committing magistrate holding the defendant to await the action of the grand jury; and from an indorsement thereon the following appears:

" It is directed that the within defendant be prosecuted in the Court of Special Sessions for the crime of Impairing the Morals of a Minor.   April 20, 1931.

" (Signed)   MARTIN P. HUBNER, *Foreman, G. J.*"

The defendant now claims that this proves that the charge was originally dismissed by the April, 1931, grand jury, and that the defendant was illegally and improperly indicted.

So far as this court knows, the Court of Special Sessions never acquired jurisdiction and no proceedings looking to a prosecution of this complaint was ever had in the Court of Special Sessions upon the charge here made.

It is well-settled law that when one grand jury dismisses a case, another cannot re-examine the case without leave.   (*People* v. *Dillon,* 197 N. Y. 254, at p. 259.)

Section 270 of the Code of Criminal Procedure reads as follows: " The dismissal of the charge does not, however, prevent its being again submitted to a grand jury, as often as the court may so direct. But without such direction, it cannot be again submitted."

It does not appear what occurred before the April, 1931, grand jury, or that it examined witnesses or voted either to indict or dismiss the charge against the defendant; and the only affirmative action seems to be a mere indorsement upon the bill of complaint as stated above.   The defendant's claim that this indorsement upon the bill of complaint constitutes a " dismissal " and precludes the district attorney from submitting the case to another grand

jury, unless there be conformity with the requirements of section 270 of the Code, *supra*, is untenable. I am of the opinion that such indorsement is not tantamount to a dismissal of the charge against the defendant. In the absence of proof of facts to the contrary, such indorsement ought to be treated merely as an expression by the foreman of the grand jury inviting the district attorney's attention to the advisability of reducing the charge from a felony to a misdemeanor and prosecuting such charge in the Court of Special Sessions. In order that it can be said that there has been a dismissal within the meaning of the Code, definite action must be shown to have been taken by the grand jury. The defendant cites *People* v. *Sebring* (14 Misc. 31, 38) in support of his contention.

This latter case (at p. 37) seems to hold that " no order for a resubmission was necessary, because that is only made necessary when the charge against the person has been dismissed by a grand jury. There clearly can be no dismissal of a charge unless the grand jury considered it and took some action upon it. That was not done here."

A dismissal of a charge means that there has been a hearing by competent authority, an examination of the evidence and a conclusion reached which would or would not warrant the submission of any question to a trial jury. To constitute a dismissal, some definite action must have been taken by the grand jury in accordance with section 269 of the Code of Criminal Procedure. This conclusion is amply supported by the authorities. (See Joyce Indictments [2d ed.], § 129; 31 C. J. p. 586, § 51; *United States* v. *Simmons*, 46 Fed. 65; *People ex rel. Flinn* v. *Barr*, 140 Misc. 422; *People ex rel. Picard* v. *Sheriff*, 11 N. Y. Civ. Proc. 172.) For the reasons assigned this motion must be denied.