The People of the State of New York, Plaintiff, *v.* Everett Benson, Defendant.

County Court, Kings County, August 1, 1955.

*William W. Kleinman* for motion.

*Edward S. Silver, District Attorney (William I. Siegel* of counsel), opposed.

SOBEL, J. The main issue presented by this motion is whether an order of the court is necessary to obtain a superseding indictment in this State. Also, whether there exists a substantive or procedural distinction between a superseding indictment which merely amends or corrects a factual or legal defect in the earlier indictment and one which purposes solely to charge the defendant with a higher crime than the one charged in the earlier indictment.

Apart from the aforesaid questions of law, the issue before me is complicated by the following facts. After the first indictment for manslaughter, first degree, had been found by the December, 1954, Grand Jury, the defendant on arraignment offered to plead guilty to that indictment. This he had a legal right to do pursuant to sections 332 to 335 of the Code of Criminal Procedure. It was suggested to him by the arraigning Judge, as a procedural matter, that he withdraw that offer until the case had been assigned to a trial part pursuant to our calendar practice. There is no doubt that defendant could have insisted at this stage on his plea being accepted. His counsel, however, deferred to the court's suggestion, withdrew his offer to plead guilty and pleaded not guilty. The case was immediately assigned to a trial part, but contrary to our customary calendar practice, was not placed on the call calendar thereafter. Instead, without notice to defendant and without an order of the court, the District Attorney obtained from the March, 1955, Grand Jury an indictment for murder, first degree.

The District Attorney concedes that both indictments were based on the same acts; that the evidence before both Grand Juries was substantially the same and that the second Grand Jury was not advised of the indictment found by the earlier

Grand Jury. I am further advised by the arraigning Judge on the earlier indictment that he had no knowledge that the District Attorney intended to obtain a superseding indictment and that he suggested the withdrawal of the offer of a plea to that indictment solely as a procedural matter without intending to prejudice defendant.

When the defendant was arraigned on the superseding indictment he instituted this proceeding to test the validity of the superseding indictment.

I shall discuss the questions of law first.

There is no doubt that at the common law, a superseding indictment could be obtained without an order of the court. Indeed no such order was necessary although an earlier grand jury had returned a " no bill "; or after the court had set aside or quashed an earlier indictment; or after the court had sustained a demurrer to an earlier indictment. (See Joyce on Indictments [1908 ed.], §§ 106, 108, 109 [1924 ed.], §§ 115, 116, 118, 119, 120; *United States* v. *Thompson,* 251 U. S. 407; 42 C. J. S., Indictments and Informations, § 34; *People* v. *Fisher,* 14 Wend. 9; *People ex rel. Barron* v. *Monroe Oyer and Terminer,* 20 Wend. 108; *People* v. *Clements,* 5 N. Y. Crim. Rep. 288, and *People ex rel. Flinn* v. *Barr,* 259 N. Y. 104; see discussion of early English cases in *Doyal* v. *State of Georgia,* 70 Ga. 134, and *Commonwealth* v. *Drew,* 57 Mass. 279.)

The Code of Criminal Procedure was enacted in 1881 (L. 1881, ch. 442). The code provided the procedure which must be followed in all criminal cases. (§ 962.) This was the view entertained by the Court of Appeals in *People* v. *Hovey* (92 N. Y. 554, 558), when it said: " The general object and design of the Code of Criminal Procedure was to collect the various statutes relating to the subject and to furnish a uniform, harmonious and comprehensive system of criminal practice, to apply to and govern all criminal proceedings thereafter instituted in any of the courts of the State."

The code changed the common-law rules earlier referred to in three respects.

### 1. Section 270 of the Code of Criminal Procedure.

Section 270 provided that an order of the court was necessary to resubmit a charge to a second grand jury after an earlier grand jury had returned a " no bill ". The object of the section was stated in a note to section 286 of the original draft submitted by the commissioners on December 31, 1849. " [T]o provide a

convenient check upon the practice which now prevails, of repeated applications to the grand jury for an indictment, where it has been already dismissed.'' (Proposed Code of Crim. Pro. [1850], p. 138.)

It has been held that an indictment in violation of the provisions of section 270 is absolutely void, as a second grand jury would be acting without jurisdiction. (*People ex rel. Flinn* v. *Barr*, 259 N. Y. 104, *supra*.) The decisions limit this general rule in some respects. There must be a '' no bill '' returned. An abandonment of the presentation to the earlier grand jury without a return by such grand jury does not prevent the District Attorney from obtaining an indictment from later grand jury without an order of the court. (*People ex rel. Raimondi* v. *Jackson*, 277 App. Div. 924.) And a direction by the grand jury to proceed by information does not require an order for leave to resubmit to another grand jury. (*People* v. *Kelly*, 140 Misc. 377.) But where the grand jury returns '' no bill '', the District Attorney may not proceed by information for a misdemeanor included in the charge considered by the grand jury, without an order of the court. (*People* v. *Nelson*, 298 N. Y. 272.)

The court, in granting permission to resubmit should act only for good cause. The power to resubmit must be '' sparingly and discriminatingly used ''. (*People* v. *Neidhart*, 35 Misc. 191, 192.) Recently, in *People* v. *Besser* (207 Misc. 692), it was held that a case may be resubmitted to the grand jury on the court's own motion.

*2. Sections 313, 317 and 318 of the Code of Criminal Procedure.*

These sections provide that where an indictment is set aside or dismissed on motion for the reasons stated in section 313, the defendant must be discharged '' unless the court direct that the case be re-submitted to the same or another grand jury ''. (Code Crim. Pro., § 317.) The purpose of these sections was stated in the notes of the commissioners on the original draft submitted December 31, 1849, as follows: '' are intended to prevent the setting aside of an indictment being productive of a prejudice to public justice, by leaving it discretionary with the court, either to discharge the defendant or to re-submit the case to another grand jury.'' (Proposed Code of Crim. Pro. [1850], p. 165.)

There have been several decisions in the trial courts which hold that an order of resubmission is necessary only when the indictment is set aside or dismissed on the technical grounds

specifically stated in section 313. If the indictment is dismissed because of insufficiency or illegality of the evidence before the grand jury (*People* v. *Glen,* 173 N. Y. 395), then no order is necessary. (See *People* v. *Roth,* 128 Misc. 550, and *People ex rel. Grossman* v. *Warden,* 172 Misc. 185.)

The appellate courts in this State have not passed on this question. There is abundant authority to the contrary in the other States, but these are based on broader statutes which clearly encompass dismissals for insufficiency and illegality of evidence.

### 3. Section 327 of the Code of Criminal Procedure.

This section provides that where a demurrer is allowed, it is a bar to another prosecution for the same offense " unless the court, being of opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, direct the case to be re-submitted to the same or another grand jury."

This section was included in the first Code of Criminal Procedure in 1881. There was no comment made by the Commissioners.

In *People* v. *Davis* (163 App. Div. 662) the defendant was tried, over his objection, on a second indictment after a demurrer had been sustained to an earlier indictment and no order signed directing a resubmission. He was convicted and sentenced. The judgment was reversed, the court ruling that the statute was " for the benefit of the accused " and therefore confers " a substantial right which cannot be disregarded without his consent ". (Citing *People* v. *McQuade,* 110 N. Y. 284, 294.)

In *People* v. *Bissert* (71 App. Div. 118, affd. 172 N. Y. 643), a demurrer to the first indictment was tried but before the court could decide the issue, a new indictment was found. The court held three to two that the second indictment was valid. (Mr. Justice PATTERSON wrote the dissenting opinion in this case, but his opinion on the issue here in question was the majority opinion concurred in by two other Justices.) (See to same effect *People* v. *Gilbert,* 26 Cal. App. 2d 1.) *People* v. *Zerillo* (146 App. Div. 812) holds that the direction to resubmit must be made by the *same* judge who allowed the demurrer and must be made at the *same time* as his decision allowing the demurrer.

Thus, we see that the criminal code of 1881 modified in the three respects discussed above, the common-law rule. But nowhere in the code or in the reports of the commissioners who drafted the code were *superseding* indictments discussed or men-

tioned. Statutory provision was made for procuring an indictment after a grand jury had refused an earlier indictment or for procuring a second indictment after an earlier indictment had been set aside, quashed or demurrer allowed. But no provision was made nor was discussion had of the question of procuring a superseding indictment when there was already in existence an earlier outstanding indictment for the same offense.

Yet in 1881 when the first criminal code was adopted, there was and had been in existence for over fifty years a provision in the Revised Statutes (Rev. Stat. of N. Y., part IV, ch. II, tit. 4, § 42) which read as follows: '' If there be at any time pending against the same defendant, two indictments for the same offence; or two indictments for the same matter, although charged as different offences, the indictment first found, shall be deemed to be superseded by such second indictment, and shall be quashed.''

This provision was neither included nor mentioned in the code of 1881 although it had prior to 1881 been the subject of several decisions in the courts. (*People* v. *Fisher,* 14 Wend. 9, *supra; People ex rel. Barron* v. *Monroe Oyer and Terminer,* 20 Wend. 108, *supra; People* v. *Van Horne,* 8 Barb. 158; *People* v. *Barry,* 4 Parker Cr. Rep. 657; *People* v. *Bransby,* 32 N. Y. 525.)

However, a commission was appointed in 1882, to remove from the body of the statutory law those enactments which were no longer in force because superseded by the new criminal code. The Legislature then specifically excepted from the repealing act (L. 1886, ch. 593) the provision of the revised statutes aforementioned. It is therefore clear that the legislative intent was to continue section 42 in force and effect. Indeed in 1909 when the Board of Statutory Consolidation revised the criminal code, it included the provision as section 292-a of the code substituting only the words '' set aside '' for the word '' quashed ''.

*Section 292-a of the Code of Criminal Procedure.*

Cowen, J., in *People ex rel. Barron* v. *Monroe Oyer and Terminer* (20 Wend. 108, 110, *supra*) referring to this provision said '' The statute is a very singular one. Why it should have been passed in regard to a matter which stood on a much better footing at the common law, it is difficult to conceive.'' Judge Cowen no doubt, had in mind that superseding indictments were authorized under the common law. This statute did not in its terms *authorize* superseding indictments. Also, at the common law, the plea of '' former indictment '' or '' autrefois arraign ''

was bad. (*People* v. *Fisher,* 14 Wend. *supra,* and cases cited.) This statute did not in its terms attempt to change the common law in that respect.

The statute is a puzzling one. It refers to a status: " If there be at any time pending * * * two indictments * * * the first found, shall be deemed to be superseded by such second indictment and shall be quashed ". Quite evidently it was intended to clarify some procedural problem rather than to make a substantive change in the law. Other States have similar statutes and in some by statute the first indictment is deemed " suspended " rather than " superseded ". (*State* v. *Melvin,* 166 Mo. 565.)

Some understanding of the purpose of the statute can be gathered from some of the earlier decisions interpreting it.

In *People* v. *Fisher* (14 Wend. 9, *supra*) the defendant sought to have his conviction set aside on the ground that an earlier indictment had not been quashed prior to his trial and conviction on the superseding indictment. The court decided that the earlier indictment need not be quashed, that it is deemed superseded by the second under section 42; that no affirmative action with respect to the first indictment need be had.

In *People ex rel. Barron* v. *Monroe Oyer and Terminer* (20 Wend. 108) the defendant was on trial for murder. During the trial on the first indictment a second indictment for the same offense was obtained. The defendant was convicted on the trial of the first indictment. As the Judge was about to pronounce sentence, the defendant moved to quash the first indictment on which he had been convicted on the ground that such indictment was superseded when the second indictment was obtained, citing section 42. The case came before the appellate court on a writ of mandamus. The court held: " The statutes declaring in terms that the first indictment shall be deemed to be superseded by the second, intended simply to prescribe the rule of the case; not that it should become waste paper and nugatory, without the action of the court; the subsequent clause directing that it shall *be quashed,* as well as the fitness and propriety of the proceeding in the particular case, affords a sufficient indication that this must have been the intent of the legislature. The time when a court will entertain a motion to quash an indictment, rests in some degree in the exercise of a sound discretion; but it appears to be conceded in the books that it must be made before the case is submitted to the. jury; ordinarily it must be made before plea pleaded, or any evidence given in the case." (*Supra,* p. 109.) The court then ruled

that the motion to quash was made too late. The court then added, "But we are disposed to put the denial of the application upon still broader ground, and to construe the statute as referring to the case of indictments before the trial upon either has commenced, and as intending simply to indicate the rule which shall guide the public prosecutor and the courts in respect to the indictment upon which a trial may be had; and also to enable the prisoner to know upon which he will be tried." Cowen, J., in a concurring opinion stated, "The statute is very strong. But it clearly contemplates the action of the court. The finding of the second indictment does not *ipso facto* annul the first; there must be a motion to quash."

In *People* v. *Van Horne* (8 Barb. 158) the defendant was indicted by three separate grand juries successively for the crimes of manslaughter, third degree, manslaughter, second degree, and finally murder, first degree. The application was one for bail on the last indictment which was granted. Of interest is the comment of the court: "These grand juries, upon the same evidence, arrived at different conclusions as to the degree of the guilt of the prisoner. In passing we cannot forbear the remark that the practice of renewing a complaint before a subsequent grand jury, after a previous grand jury have fully examined into the facts of the case, and have presented an indictment founded thereon, is not to be commended. The accuser and accused ought, as a general rule, to abide by the decision of the first grand jury, who act upon the complaint and find a bill against the accused." (*Supra,* p. 160.)

In *People* v. *Barry* (4 Parker Cr. Rep. 657) the first indictment was for assault and the superseding indictment for robbery. The defendant pleaded guilty to the first indictment. After he was sentenced, he succeeded in having the sentencing court set aside the conviction and sentence on the ground that the first indictment was "by operation of statute, superseded and quashed by the filing of another indictment for the same matter, although charged as robbery". The appellate court held, "The statute is clear and positive, and there can be no question that, on the finding of the second indictment, the defendant was entitled to have the first indictment quashed. But the statute does not say that the first indictment shall, on the finding of the second, become void, so that no trial or conviction thereupon can afterwards be had by confession or otherwise. Some action by the court, on motion, in behalf of the accused, or otherwise, to put that indictment out of the way, was evidently intended, and an order of the court was necessary

to quash it." (*Supra,* p. 661.) The court concluded " In my opinion, it was competent for him to waive the provisions of the statute in his favor, and I think he has clearly and advisedly done so; and that after his confession, he had no right to claim the benefit of the statute which he has so waived ". (*Supra,* p. 661.)

In *People* v. *Bransby* (32 N. Y. 525) the defendant was first indicted for assault and then for rape. During the trial of the first, a motion was made to quash, on the ground that the first was superseded by the second. The Court of Appeals held " the statute does not declare that on the finding of a second indictment, the first indictment shall be null and void, but is to be quashed. It can only be quashed, by some action of the court; this is clearly contemplated by the language of the statute " (*supra,* p. 536). The court held that the motion to quash must be made before the commencement of the trial.

In *People* v. *Rosenthal* (197 N. Y. 394) the defendant was never arraigned on the first indictment. Instead the District Attorney obtained an order of the court directing a resubmission. The defendant moved to quash the second indictment on the authority of section 42. This motion was denied. After plea and sentence on the second indictment, the defendant appealed from the order denying his motion to quash. The court held " The People take nothing from the order of resubmission, which was a nullity * * *. No order to resubmit however, was necessary, for the grand jury had jurisdiction to reindict without one. The defendant was not put in jeopardy by the first indictment, as he was not arraigned thereunder, nor did he demur or plead thereto." (*Supra,* p. 401.)

In *People ex rel. Bullock* v. *Hayes* (166 App. Div. 507, affd. 215 N. Y. 172) the defendant was tried for manslaughter. The jury disagreed. The District Attorney then obtained an indictment for murder. After the second indictment, the District Attorney's motion to set aside the pending manslaughter indictment was granted. The defendant by habeas corpus then sought to have the murder indictment dismissed. The Appellate Division, Second Department, held: " There can be no question that if relator had not been placed upon trial upon the indictment for manslaughter, the superseding of that indictment by the subsequent indictment for murder in the first degree and its dismissal thereafter would have been beyond successful criticism. (Code Crim. Pro., § 292a [sic] * * *.) " (166 App. Div. 509.) The court then discussed and decided that the trial and disagreement on the manslaughter charge did not constitute

jeopardy. The court concluded " If it be true that, because of the disagreement of the jury upon the trial of the manslaughter indictment, defendant has never been put in legal jeopardy, then any course is open to the prosecuting officials, whether to retry him on the same indictment or to supersede this by another indictment charging him with a graver crime, based upon the facts and the offense in the first indictment; for the only restriction upon their so doing is the constitutional inhibition above referred to." (166 App. Div. 513.) (See, also, *People ex rel. Savarese* v. *Foster,* 83 N. Y. S. 2d 583.)

In *People* v. *Sloan* (175 Misc. 618) the first indictment contained sixteen counts for auditing false and fraudulent claims. The trial resulted in a disagreement. Thereafter a new indictment containing thirty-eight counts was obtained including some of the old counts and adding additional counts. The defendant then moved to set aside the first eleven counts of the first indictment on the ground that these were superseded by some of the counts in the second indictment. The defendant moved under section 292-a of the Code of Criminal Procedure. While this motion was under consideration a witness on behalf of the People died. Apparently this made it inadvisable to proceed on the second indictment. The People moved to have the first eleven counts of the first indictment remain with the intention apparently of disregarding the second indictment and proceeding to trial on the first in its original form so that the deceased witness' testimony on the first trial could be used on the second. The court said (p. 620):

The People argue, *first,* that said section 292-a is not self-executing, that the mere finding of a superseding indictment does not render the original indictment null and void, that both indictments retain their vitality until the first is set aside by an order of the court. The authorities sustain this contention.

The People argue, *second,* that the granting or denial of the defendant's motion to set aside the first indictment rests in the *discretion* of the court.

Said section 292-a provides that when two indictments for the same offense or for the same matter are pending, the first indictment "shall be deemed to be superseded" and (on motion) "shall be set aside." The section is mandatory. It reads "shall," not "may." The Constitution protects a defendant against double jeopardy. In keeping therewith, the Legislature evidently intended to protect him against double indictment, the necessity of providing double bail, defending himself twice etc. The defendant was, therefore, entitled to the relief asked in his motion made June 21, 1940.

The court concluded that the defendant's motion must be granted and struck out the first eleven counts of the first indictment.

In *People* v. *Morrell* (196 Misc. 1016) the first indictment charged the statutory offense of violation of section 1053-a of the Penal Law. The defendant pleaded not guilty. The second indictment obtained without an order of the court charged manslaughter. The defendant demurred to the second indictment. The court in a lengthy and well-reasoned opinion held that an order was necessary in order to resubmit to the second Grand Jury. (I am in disagreement with the learned Judge on the law but not in the result.) He then examined the Grand Jury minutes charging both offenses and concluded that the first indictment more properly charged the offense committed by the defendant. (This I believe he had a right to do.) He said (p. 1021) " To permit the district attorney, because he does not agree with the grand jury *(and seemingly for no other reason)* to continue resubmitting complaints to other grand juries until one can be found to agree with him, is to place in his hands a power of persecution that I am unwilling to sanction, and which, I am quite sure, he does not desire ". (Italics mine.) The court sustained the demurrer.

From all of the foregoing cases, the substantive principle of law is perfectly clear. Both at common law and under the interpretation given section 292-a of the Code of Criminal Procedure, a superseding indictment can be obtained *without* an order of the court as often as the District Attorney may choose. And, it makes no difference whatsoever whether the superseding indictment corrects a factual or legal defect in the first indictment or is intended solely to charge a higher crime. (*People* v. *Rosenthal,* 197 N. Y. 394, *supra; People ex rel. Bullock* v. *Hayes,* 166 App. Div. 507, affd. 215 N. Y. 172, *supra.*)

From all the foregoing cases, the procedural pattern intended by section 292-a is also clear.

1. Procedural pattern with respect to *trials.*

The mere finding of the superseding indictment does not make the first indictment null and void. Thus if the People elect without objection from the defendant to go to trial on the *first* indictment, the resulting verdict will not be disturbed. (*People ex rel. Barron* v. *Monroe Oyer and Terminer,* 20 Wend. 108, *supra.*) And, while the superseding indictment is pending, a defendant may plead guilty to the *first* indictment. His plea of guilty constitutes a waiver of the provisions of section 292-a of the Code of Criminal Procedure in his favor. (*People* v. *Barry,* 4 Parker Cr. Rep. 657, *supra; People* v. *Bransby,* 32 N. Y. 525, *supra.*) If a defendant goes to trial on the superseding indictment, without objection *prior* to the trial, that verdict will

not be disturbed. He may not complain that the first indictment was still pending. (*People* v. *Fisher,* 14 Wend. 9, *supra.*) It follows from the foregoing decisions that once the trial of either indictment commences, the other indictment becomes null and void. Either party, solely as a matter of record, may move to dismiss.

2. Procedural pattern with respect to *motions* before trial of either indictment.

The statute is for the benefit of the defendant. He may move to set aside the first indictment *before* trial. His motion *must* be granted. The statute is mandatory.

He may also before trial move to set aside the superseding indictment. In such a case it would be the duty of the court to examine the grand juries' minutes. If the superseding indictment was obtained for the purpose of correcting a factual statement or a legal defect in the first indictment, the court would obviously deny the motion and direct a trial on the superseding indictment. If the superseding indictment was obtained for the purpose of charging an *alternative* crime, it would be the duty of the court after examination of the minutes to determine which of the alternative crimes, the evidence before the grand jury tends to establish. (*People* v. *Morell,* 196 Misc. 1016, *supra.*) If the superseding indictment was obtained for the purpose of charging a *higher* crime, the sole inquiry by the court is whether the evidence before the grand jury warrants submission of the higher crime to a trial jury. From all of such determinations, the District Attorney may appeal. (Code Crim. Pro., § 518.)

In short, the court applies substantially the same test with respect to the *two* indictments, as it would apply if alternative crimes or several degrees of the same crime were charged in a *single* indictment. In the latter case, however, the court must submit all *factual* questions under proper instructions to a jury. In the former, because trial can be had on only one indictment, the court is permitted to the extent indicated to determine *factual* questions in advance of trial.

I conclude that while as a matter of law the People may obtain a superseding indictment *without* an order of the court, upon proper and timely application by the defendant, the court is required to decide whether the superseding indictment is warranted by the facts or the law.

As indicated, the factual question raised in this case complicates the issue. Ordinarily, it would be my duty in this case to examine the minutes of the December, 1954, and March, 1955, Grand Juries and determine whether there is sufficient evidence

to warrant a submission of the charge of murder to the trial jury.

But this defendant on December 22, 1954, when arraigned on the first indictment offered to plead guilty to the indictment. Such a plea must be accepted under the law. (Code Crim. Pro., §§ 332–335; *Feig* v. *Bromberger,* 74 N. Y. S. 2d 307.) He has a legal right to be arraigned and permitted to plead. (*People* v. *Clements,* 5 N. Y. Crim. Rep. 288, 300, *supra.*) When the arraigning Judge suggested that the defendant withhold his plea until the case was assigned to a trial part he was following the practice set forth in our calendar rules with respect to acceptance of pleas to *lesser* crimes than those charged in the indictment. He did not intend to deprive or prejudice the defendant in his right to plead guilty to the crime charged in the indictment. And under such circumstances, the defendant by acceding to the suggestion of the court, and pleading not guilty, did not waive his right to plead guilty. It would be a gross abuse of the discretion vested in this court, under such circumstances to deprive the defendant now of his right to withdraw his plea of not guilty and substitute his plea of guilty. The rule in this regard is the same as under section 337 of the Code of Criminal Procedure, permitting a defendant to withdraw a plea of guilty and substitute a plea of not guilty. (*People* v. *Gowasky,* 244 N. Y. 451; *People ex rel. Hubert* v. *Kaiser,* 150 App. Div. 541, 547, affd. 206 N. Y. 46.) It rests in the discretion of the court and an abuse of such discretion may under some circumstances constitute a violation of due process. (*People* v. *Sullivan,* 276 App. Div. 1087.)

The District Attorney should rearraign the defendant on the first indictment. This motion to dismiss the superseding indictment is granted when and if the defendant pleads guilty to the first indictment. Submit order.