THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS STANTON, Defendant.

(County Court, Oneida County, February, 1914.)

Indictment — motion to dismiss second indictment — defendant not in jeopardy by plea of not guilty.

A defendant under indictment is not put in jeopardy by a plea of not guilty, and his motion to dismiss a second indictment found against him for the same offense, on the ground that he was put in jeopardy by such plea, must be denied.

DEFENDANT moves to dismiss an indictment found against him by the grand jury of Oneida county in January, 1914, for the reason that a former grand jury of Oneida county, on May 16, 1913, also found an indictment against him for the same offense, and that he had entered thereto a plea of " not guilty."

Lee & Dowling, for motion.

W. R. Lee, assistant district attorney, opposed.

HAZARD, J. It is the contention of the defendant that by reason of his plea of not guilty to a former indictment, he has been " put in jeopardy " thereunder; and that, therefore, this indictment must be set aside. He

cites two cases claimed to support that theory. The first is *People* v. *Bissert,* 71 App. Div. 118. The exact purport of that case is somewhat in doubt. The first headnote states that the decision is to the effect that in a case like this a grand jury has power pending the decision of a demurrer to an indictment found by it to find a second indictment against the same defendant, upon the same evidence, which second indictment will supersede the first indictment. The prevailing opinion as rendered by Judge McLaughlin, however, is *contra,* and is to the effect that the " grand jury had no jurisdiction to find the second indictment, and for that reason the motion to dismiss should have been granted." P. 124. Judge Laughlin seems to have concurred in the granting of a new trial, but he starts his concurring opinion with a statement that the " second indictment was regularly found and is valid; " in that respect apparently differing from Justice McLaughlin. Justice Patterson in a dissenting opinion holds that even the interposition of a demurrer does not prevent the finding of a second indictment. P. 137. Even if, however, we may assume that the reasoning of Justice McLaughlin represents the majority decision in the case, it seems clear to me upon reflection that it is not as claimed by the moving party here an authority for the proposition which is here advanced. The case deals wholly with a demurrer, and is, therefore, to be differentiated from a plea of not guilty. The entire reasoning and argument of Justice McLaughlin is to that effect. He deals with the meaning, purport and effect of chapters 3 and 4 of the Code of Criminal Procedure. This is made manifest by the reading of page 122 in which the effect of a motion to set aside an indictment, or of a demurrer, is considered at length. He says the sections comprising the second article named cover the

entire subject of the practice where a defendant has been arrested under an indictment, " and has challenged its sufficiency by demurrer." He holds that: "After the court has obtained the jurisdiction to determine this question, there is no provision in the law which permits the same or any future grand jury to deprive the court of the jurisdiction," and that " The defendant has obtained a vested right to the judgment of that tribunal precisely as he would have if he had been put on trial upon a plea of not guilty." It seems very clear to me that the *Bissert* case, even assuming that the decision of Justice McLaughlin represents the law as decided by a majority of the court (which apparently is not the case), cannot either upon principle or as a precedent be extended to include a case like the one at bar, because, as previously stated, it only deals with cases arising under chapters 3 and 4 of the Code.

The other case cited in support of the motion is that of *People* v. *Rosenthal,* 197 N. Y. 394. There is nothing about that case which is authority in support of this motion, except possibly the language used on page 401. The court said: " No order to resubmit, however, was necessary, for the grand jury had jurisdiction to re-indict without it. The defendant was not put in jeopardy by the first indictment, as he was not arraigned thereunder, *nor did he demur or plead thereto.*" The moving party here claims that the last sentence above quoted inferentially establishes as the dictum of the Court of Appeals that if the defendant had pleaded to the first indictment it would have amounted to his having been put in jeopardy thereunder. The decision is certainly not to that effect, nor do I think the language quoted can possibly be distorted to amount to an adjudication or even a statement by the Court of Appeals that a plea to an in-

dictment amounts to putting a defendant in jeopardy thereunder.

I do not find any case which holds to that effect. By the so-called "Bill of Rights," section 6 of article 1 of the Constitution of the state of New York, it is provided that "No person shall be subject to be twice put in jeopardy for the same offense." The contention of the moving party here seems to amount to the proposition that a mere plea of not guilty to an indictment amounts to putting the defendant in jeopardy under it. I cannot agree with this contention. Cases have proceeded much further than a plea, and for some reason have not been completed, in which it has been held that the defendant was not "put in jeopardy." *People* v. *McCormack*, 68 Misc. Rep. 430, 433; *People* v. *Smith*, 172 N. Y. 210; *Hartung* v. *People*, 26 id. 167; *People* v. *Goodwin*, 18 Johns. 187; *Canter* v. *People*, 1 Abb. Ct. App. Dec. 305; *People* v. *Cignarale*, 110 N. Y. 23.

The motion is, therefore, denied.

Motion denied.