THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERBERT ROTH and Another, Defendants.

Court of General Sessions of the County of New York, January 18, 1927.

Crimes — indictment — motion for order to resubmit to grand jury charge against defendants for which indictment has been dismissed — motion denied on ground that grand jury has jurisdiction to indict again and that order would be nullity.

The district attorney of New York county, claiming to have additional evidence, is not entitled to an order permitting him to resubmit to the grand jury of that county a charge against the defendants herein for which an indictment has been dismissed on the ground that it was based upon illegal and insufficient evidence, for the grand jury has jurisdiction to indict again without an order of resubmission; furthermore, such an order would be a nullity.

MOTION by the district attorney for an order permitting him to resubmit to the grand jury a charge against the defendants for which an indictment has been dismissed, the motion having been

PEOPLE *v.* ROTH.                551

Misc. 550]    Court of General Sessions, New York County, January, 1927.

submitted to the judge who granted the order dismissing the indictment.

*Joab H. Banton, District Attorney,* and *Albert Blogg Unger, Assistant District Attorney,* for the plaintiff.

*Schreiber, Collins, Myers & Buchter [John Caldwell Myers* of counsel], for the defendants.

ALLEN, J.   The defendants were indicted for the crime of receiving stolen property, knowing at the time that it was stolen.   (Penal Law, § 1308.)   Thereafter an order was made by another judge then sitting in Part 1 permitting the defendants to inspect the minutes of the grand jury containing the testimony upon which the indictment was founded.   (Code Crim. Proc. § 952-t.)

The defendants then moved to set aside the indictment upon the ground that it was based upon illegal and insufficient evidence. The motion was granted, without opinion, by the judge now presiding.   It appeared that there was no sufficient corroboration of an accomplice to satisfy the requirements of the statute.

The district attorney now says that he has additional evidence which he desires to present to another grand jury for the purpose of obtaining another indictment upon the same charge, and he asks the order of the court permitting him to do so.

The motion will be denied on the ground that the grand jury has jurisdiction to indict again without an order of resubmission and that such an order would be a nullity.

The Code of Criminal Procedure contains provisions for setting aside an indictment on motion when not found by at least twelve grand jurors, indorsed by the foreman and presented to the court, or because some unauthorized person was present while the grand jury was considering the charge.   The statute says that the indictment may be set aside in either of such cases, " but in no other." (Code Crim. Proc. § 313.)   A subsequent section provides for the discharge of the defendant if the motion is granted and he is in custody, or the exoneration of his bail, " unless the court direct that the case be resubmitted to the same or another grand jury." (Code Crim. Proc. § 317.)

And, as " an order to set aside an indictment, as provided in this chapter, is no bar to a future prosecution for the same offense " (Code Crim. Proc. § 320) it is obvious that the statute merely provides a method for holding the defendant in custody or under bail pending reindictment, and that method is a direction by the court that the case be resubmitted.   No confusion should exist about this, for the effect of an order for resubmission is expressly declared in the next section to be: (1) The holding of the

defendant, if in custody; or (2) the holding of his bail, if he has been admitted to bail.    (Code Crim. Proc. § 318.)

But all this is beside the question because the indictment was not dismissed by virtue of these provisions of the Code of Criminal Procedure; and by their express terms they have no application to any other situation.    These provisions are intended to regulate only matters of procedure.

The indictment was not dismissed for any violation of what the statute commands.    It was dismissed because an inspection of the minutes of the grand jury showed that it was found upon illegal and incompetent evidence.    It was dismissed in order to protect the defendants in their constitutional prerogatives and to prevent oppression or persecution.    That is a power which our courts have always asserted and exercised and covers cases whenever it is made to appear that indictments " have been found without evidence, or upon illegal and incompetent testimony." (*People v. Glen*, 173 N. Y. 395, 400.)

There are also provisions for an order for resubmission after the sustaining of a demurrer to an indictment and, in want of the order, the decision allowing a demurrer becomes a bar to further prosecution for the same offense. (Code Crim. Proc. § 327.)

" No order to re-submit is required, however, unless the defendant has been put in jeopardy under a former indictment." (*People v. Rosenthal*, 197 N. Y. 394, 401.)    That was said in a case where the second indictment had been found before any plea had been entered or any motion made in relation to the first indictment. It is equally applicable here because these defendants either have not been put in jeopardy or, if they have been, there is no way by which they could be held by a new indictment for the same offense, with or without an order of resubmission.

The conclusion here reached is in accord with an unreported decision by Judge NOTT of this court some years ago.    Frequently judges in passing upon motions to dismiss have granted orders for resubmission, and confusion has been the consequence.

When the defendants obtained an order dismissing the indictment they received their freedom, uncoupled with any right to a further hearing before they could be proceeded against anew.    Others who have never been indicted have no such right and these defendants must, like everybody else, stand amenable to the immemorial right of the grand jury to consider at its own will all charges of crime committed by them, and the court will not assume to say to the grand jury that it shall or shall not consider reindictment. Nor will the court say to the district attorney that he must notify

the defendants before presenting to the grand jury a matter which they will consider in secret, if at all. The usual situation remains with respect to the defendants, and the dismissal of the indictment was something complete in itself and without collateral effect.

The defendants are now at large and not under bail. No action is pending against them although the papers in this proceeding are entitled as if such were the case. To commence a new action against them by a motion to resubmit would be an innovation which the court is not willing to sponsor. At least such a motion is not a way provided by law for commencing a criminal prosecution.

Motion denied.