THE PEOPLE OF THE STATE OF NEW YORK ex rel. HELEN GROSS-
MAN, Relator, *v.* WARDEN OF WOMEN'S HOUSE OF DETENTION,
Defendant.

Supreme Court, Special Term, Queens County, June 6, 1939.

*Louis S. Maritzer* and *Harry Mesard*, for the relator.

*Charles P. Sullivan, District Attorney* [*George P. Stier* of counsel],
for the defendant.

HOOLEY, J.   On January 2, 1935, the relator was indicted in the
county of Queens on two counts, one charging her with the crime
of burglary in the second degree and the other larceny in the first
degree.   On February 4, 1935, an order was entered granting a
motion to dismiss the indictment on the ground that the evidence
before the grand jury was insufficient upon which to found same.
On March 19, 1935, the grand jury again indicted the relator,
charging her with criminally receiving stolen property.   The two
indictments are based upon the same transaction, that is, an alleged
burglary committed June 23, 1934, in which the articles specified
in both indictments were stolen from one Miriam Danson.   On
May 23, 1939, the relator was arraigned, pleaded not guilty, and is
in jail awaiting trial.

She now claims that the grand jury which found the second
indictment after the first had been dismissed was without juris-
diction to do so and that, therefore, the indictment is void and of no
effect.   The basis of the claim is that the order granting the motion
to dismiss the earlier indictment did not contain a provision per-
mitting the resubmission of the case to another grand jury.

The relator relies primarily upon section 317 of the Code of
Criminal Procedure.   Section 317 provides that if a motion to
set aside an indictment be granted the defendant be discharged

if he is in custody and that his bail be exonerated " unless the court direct that the case be resubmitted to the same or another grand jury." The difficulty with this contention is that this section is concerned only with a resubmission after the indictment has been dismissed upon motion for one of the technical grounds specifically enumerated in section 313 of the Code of Criminal Procedure. (*People* v. *Roth*, 128 Misc. 550.) These grounds are, *first*, where the indictment is not found, indorsed and presented as prescribed in sections 268 and 272 of the Code of Criminal Procedure, and *second*, where an unauthorized person has been permitted to be present during the sessions of the grand jury. Where, however, the dismissal was by reason of the fact that the indictment was found on illegal and insufficient evidence, an order of resubmission is not only unnecessary but will be a nullity. (*People* v. *Roth*, *supra*.)

The cases cited by the moving party all deal with situations where there were demurrers, where, of course, the rule is different. (Code Crim. Proc. § 327.)

It follows that the writ must be dismissed.