Edward M. O’Gorman, J.
The defendants Morton R. Cohen and Murray Lehman have demurred to the above indictments on the ground that the Grand Jury had no legal authority to inquire into the crime charged.
The defendants and others were indicted by the Orange County Grand Jury in September, 1956. These indictments were dismissed by the then County Judge as to the defendants Cohen and Lehman. Thereafter, by order of the Supreme Court, pursuant to section 270 of the Code of Criminal Procedure, the District Attorney resubmitted evidence involving the same matters to a new Grand Jury, and the above indictments were handed down as a result.
Defendants Cohen and Lehman now argue that the Supreme Court order of resubmission was a nullity, and that the present indictments must be dismissed because of that fact, and because they would place the above two defendants in jeopardy a second time in violation of their constitutional rights.
It must be conceded that section 270 of the code was not applicable. That section applies only to cases in which the Grand Jury had failed to indict after evidence had been presented to it. Once an indictment has been found by the Grand Jury, section 270 has no further application.
In the instant case, the indictments were dismissed by the County Court. Under such circumstances, there was no bar to the right of the District Attorney to submit the evidence anew, and any additional evidence he might have, to the Grand Jury, which had the right to indict if the evidence warranted.
Counsel for the defendants takes the position that such a subsequent indictment Avithout a court order would place the defendants in jeopardy a second time, and that the court order obtained herein being invalid, the present indictments must be dismissed on constitutional grounds. This, hoAvever, is not the case.
Where the dismissal of the indictments was not in consequence of a demurrer, but was the result of a motion to set the indictments aside, based on the Grand Jury minutes, there is no requirement that an order be first obtained prior to resubmitting the case to another Grand Jury. The only requirement for such an order, under these circumstances, is the requirement imposed by section 317 of the Code of Criminal Procedure. This section requires a court order directing the resubmission of the evidence if it is desired to retain the defendant in custody pending the resubmission. This section has no bearing on the present case.
*791 The case at bar must be clearly distinguished from the situation which would arise whenever a demurrer to an indictment is sustained. In such a case, without further order of the court, the judgment allowing the demurrer is final and is a bar to any subsequent prosecution (Code Grim. Pro., § 327).
For the foreguing reasons, it is the determination of the court that the legality of the order herein directing the resubmission of this case is not material, and that such an order is not a necessary condition precedent to the right of the People to resubmit this case to the Grand Jury.
The demurrer is disallowed. Submit order.