Abraham N. Geller, J.
The defendants are charged in a five-count indictment with violations of section 1308 of the Penal Law and conspiracy. They now make a variety of motions addressed to this indictment as well as to a preceding one.
In September, 1958, the defendant Josephine Molliea was arrested and charged with criminally receiving stolen property. The matter was presented to a Grand Jury which dismissed the charges.
In February, 1959, pursuant to an order of a Judge of this court made under section 270 of the Code of Criminal Procedure, the charges were resubmitted to another Grand Jury which heard additional evidence and on February 25, 1959 in a two-count indictment numbered 713-59 charged Josephine Molliea with felony violations of section 1308 of the Penal Law. Her motion to inspect the Grand Jury minutes was denied by a Judge of this court, and Josephine Molliea thereafter pleaded not guilty to the indictment.
In April, 1960 the matter was resubmitted to another Grand Jury, which handed up the instant indictment No. 713-1/2-59. This indictment, as compared with the preceding one, included, inter alia, Josephine Molliea’s husband, Phillip, as a defendant, contained two additional counts involving violations of section 1308 of the Penal Law plus a conspiracy count alleging 30 overt acts, and involved allegedly stolen property of substantially greater value over a greater period of time. Thus, the instant indictment as to Mrs. Molliea alone is a superseding indictment.
The motions, in the order in which made, are disposed of as follows:
(1) The motion by Josephine Molliea to dismiss the superseded indictment No. 713-59 is granted as required by section 292-a of the Code of Criminal Procedure.
(2) The motions by both defendants to dismiss the instant indictment, No. 713-1/2-59, are denied, and the demurrer by Josephine Molliea is disallowed. The basis of the motions and the demurrer is that the District Attorney was required, but failed, to obtain leave of this court to “ resubmit ” the charges to the Grand Jury which found this indictment. There is no merit to this contention. First, as to Phillip Molliea, an examination of the minutes of the afore-mentioned 1958 and 1959 Grand *879 Juries reveals that no charges were then submitted to those bodies against him. The charges resulting in the instant indictment against him were presented to the Fourth April 1960 Grand Jury for the first time for action. Hence, as the 1958 and 1959 Grand Juries made no finding of ‘ ‘ no bill ’ ’ against him which would require an order for resubmission (Code Crim. Pro., § 270), the 1960 Grand Jury was free to exercise “ the ancient power of a Grand Jury either on motion of the District Attorney or on the Grand Jury’s own initiative to find such indictments as are warranted by the proof before it ”. (People v. Ryback, 3 N Y 2d 467, 471.)
As to Josephine Mollica, the District Attorney was free to resubmit, and the Grand Jury was free to file, the superseding indictment without leave of court (People v. Rosenthal, 197 N. Y. 394; People v. Sutherland, 179 Misc. 1020; People v. Benson, 208 Misc. 138). Defendant, however, while conceding this to be the general rule, which is reflected in the direct holding in People v. Rosenthal (supra) nevertheless argues on the basis of a dictum in Rosenthal (p. 401) and of People v. Morrell (196 Misc. 1016) that an order for resubmission was necessary in this case because she had been placed in jeopardy when she pleaded to the first indictment. The court does not agree with defendant’s interpretation of that dictum when read in the context of the decision, and, moreover, the dictum is imprecise and not entirely clear. In any event, there is no merit to her contention. First, she was not placed in jeopardy by her plea of not guilty to the first indictment. ‘ ‘ The general rule in this State is that * * * a prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given.” (People ex rel. Meyer v. Warden, 269 N. Y. 426, 428; People v. Clark, 3 A D 2d 700; People v. Stanton, 84 Misc. 101.) Secondly, defendant herein concedes that, had an order for resubmission been obtained, the superseding indictment would have been proper. In effect, then, she claims, not that her constitutional rights under section 6 of article I of the Hew York State Constitution are violated by the filing of the superseding indictment, but that the failure to obtain an order for resubmission was a procedural defect which rendered it invalid. However, ‘1 The Code of Criminal Procedure establishes the practice in all criminal cases and the authority for the orders and judgments of the courts. Unless we can find there some justification for the above order it does not exist.” (People ex rel. Hirschberg v. Orange County Court, 271 N. Y. 151, 155). At common law the prosecuting attorney had a *880 wide latitude in resubmitting charges to a grand jury without leave of court. For example, he could do so notwithstanding the pendency of another indictment for the same offense or even the dismissal of the charge by a prior grand jury. (People ex rel. Plinn v. Barr, 259 N. Y. 104, 107; United States v. Thompson, 251 U. S. 407; Joyce, Indictments [2d ed.], §§ 115, 116; 42 C. J. S., Indictments and Informations, § 34.) The Code of Criminal Procedure curbed this freedom of the prosecuting attorney by requiring an order for resubmission after an earlier indictment has been set aside on motion (§ 317), or a demurrer has been allowed (§ 327), or after an earlier grand jury has dismissed the charge (§ 270). But no provision of the code has been cited which requires such order in the case of a superseding indictment. In fact, section 292-a of the Code of Criminal Procedure, which in effect authorizes superseding indictments, makes no reference whatsoever to orders for resubmission in such cases. Moreover, in People v. Bissert (71 App. Div. 118, affd. 172 N. Y. 643) where the superseding indictment was filed after defendant had filed a demurrer to the first indictment, it was held that no order for resubmission was required. (See, also, People ex rel. Venosa v. Murphy, 306 N. Y. 640.)
Nor is the court persuaded by People v. Morrell (196 Misc. 1016, supra). In that case the District Attorney, without leave of court, resubmitted the same evidence before a second Grand Jury because, as the court noted critically, he sought a more severe indictment. In the instant case, as was already pointed out, the superseding indictment was based on additional evidence before the Grand Jury. Moreover, the Morrell decision was criticized on the law in People v. Benson (208 Misc. 138, supra).
(3) and (4) The motions to inspect the Grand Jury minutes of October, 1958, February, 1959 and' April, 1960 or, in the alternative, that the court inspect said minutes and dismiss the indictment No. 713-1/2-59 are in all respects denied without prejudice to the defendants applying at the proper time during trial for inspection of said minutes by the court and for use on cross-examination (People v. Pauley, 281 App. Div. 223). Of course this will be a matter for the trial court to decide. This court, having examined the minutes of the April, 1960 Grand Jury, finds that the evidence before that body was sufficient to warrant is finding the indictment No. 713-1/2-59.
(5) The motions for a bill of particulars are denied on the ground that they seek evidentiary matters only. (People v. Keohane, 201 Misc. 597.)