Daniel J. McAvoy, J.
The People on this application seek an order directing the above defendant to proceed to trial on an indictment charging carnal abuse of a child, 10 years of age and less than 16 years, as a felony (by reason of a prior conviction for a similar offense under section 483-a of the Penal Law) in violation of section 483-b of the Penal Law.
The first paragraph of the first count of the indictment alleged facts constituting the crime of carnal abuse in the County of Tompkins, and the second paragraph thereof charged the defendant with a prior conviction for a similar crime in the County of Tioga, New York. The remaining counts of the indictment charged assault, second degree and sodomy, first degree, under various subdivisions of section 690 of the Penal Law, all arising out of the same transaction.
The case has been twice tried and a mistrial resulted on each occasion by reason of the inability of the jury to agree on the counts submitted to it. The case is now before this court for a retrial by order of the Appellate Division, Third Department, transferring the venue to the Supreme Court, Broome County.
After the afore-mentioned indictment was returned, and before the first trial was had in the Tompkins County Court, defendant procured an order from the Special County Judge of the Tioga County Court vacating and setting aside the defendant’s prior judgment of conviction for carnal abuse in that county. This was the conviction which formed the basis of the felony charge in the first count of the present indictment.
Such prior conviction was set aside on the ground that there was no term of the Tioga County Court in existence at the time defendant entered his plea, because it had theretofore been adjourned without day — and hence, it was claimed that such *108 court had no jurisdiction to entertain the plea and pronounce judgment.
After the afore-mentioned trials were had in Tompkins County on the present indictment, the Appellate Division, Third Department, reversed the order of the Special County Judge and reinstated the prior conviction. (14 A D 2d 376.) This determination was upheld by the Court of Appeals (11 N Y 2d 854).
Therefore, when the present indictment was moved for trial in the Tompkins County Court, the second paragraph of the first count thereof alleging the prior carnal abuse conviction was a nullity by reason of the fact that such prior judgment of conviction referred to therein had been vacated — and not reinstated by the appellate courts until after such trials were had.
The case was not tried by the People on any theory of carnal abuse as a felony, but as a misdemeanor. In fact, no evidence was or could be offered by the People against the defendant in regard to the prior carnal abuse conviction; nor as far as the record shows, was any reference made to it.
At the end of the People’s case, when the defendant made his motion to dismiss the first count on the ground that there was no proof in the record that he had been previously convicted of the crime of carnal abuse as alleged, the trial court had no alternative but to grant the motion insofar as the felony charge was concerned — and consequently, he submitted to the jury the alleged crime of carnal abuse as a misdemeanor, rather than a felony. The jury, as hereinabove indicated, disagreed on this and all counts submitted.
Now that the prior conviction in Tioga County has been reinstated by the appellate courts, the People propose to move the first count for trial charging carnal abuse as a felony. The defendant objects on the ground that this would subject him to double jeopardy because the felony charge had been dismissed on the former trial, and claims he can now only be prosecuted for such crime as a misdemeanor.
The problem of whether or not defendant was in actual jeopardy is thus presented on this motion. One thing is certain — there is a great diversity of judicial opinion touching upon the subject of double jeopardy. Each case must be determined upon its own particular factual situation. Of course, certain general principles are well recognized — such as that in order that a first trial be a bar to a second trial, it is essential that the person accused be actually put in jeopardy at the first trial. In stating and discussing the doctrine of double jeopardy, the word ££ jeopardy ” is used to designate the danger of conviction and punishment which the accused incurs when a valid indictment *109 has been found and a petit jury has been impaneled and sworn to try the case, and some evidéncc has been offered.
The crucial question is — Was there former jeopardy here? ‘ ‘ Unless there was former jeopardy, there can be no double jeopardy.” (See Matter of Nolan v. Court of General Sessions, 15 A D 2d 78, 82, affd. 11 N Y 2d 114.)
It is an established rule that one is not put in jeopardy if the indictment under which he is tried is so radically defective that it would not support a judgment of conviction, and that a judgment thereon would be arrested on motion. (Shoener v. Pennsylvania, 207 U. S. 188, 195.)
Here, when the defendant procured a vacation of the prior judgment of conviction for carnal abuse, he could not possibly be thereafter placed in danger of conviction of carnal abuse as a felony. Its effect was the same as if he had secured a dismissal on motion of the felony count of carnal abuse prior to the trial.
Where at any stage of the proceeding, on motion of the accused, an information or indictment is dismissed, not on the merits but for insufficiency, the accused cannot thereafter in bar to a new information or indictment, assert that the first was good and he was in jeopardy under it. (See People ex rel. Weiner v. Warden of City Prison, 237 App. Div. 28; People ex rel. North v. Skinner, 280 App. Div. 611, affd. 305 N. Y. 711; People v. Smith, 266 App. Div. 57.)
Here, in essence, the first count of the indictment embraced two crimes, i.e., carnal abuse as a felony by reason of the prior conviction, and carnal abuse as a misdemeanor. When .the felony charge was dismissed on motion of the defendant at the end of the People’s case, such dismissal was not on the merits because no evidence was or could be introduced to sustain it. In fact, it would have had to be dismissed had defendant so moved prior to trial, and after he was successful in obtaining an order vacating the prior Tioga County conviction. When such order was granted, the Tompkins County Court was thereby divested of any jurisdiction to try the felony charge. And from that time on defendant was never in danger of conviction on any such charge. Form must give way to substance — and in truth and in fact the defendant was never actually tried on the crime as a felony — but as a misdemeanor.
“ The defense of former jeopardy is designed to protect the citizen from vexatious and successive prosecutions for the same offense. When it is asserted, this danger must form its foundation if it is to be sustained. Its application should not defeat the accomplishment of justice.” (See People v. Ercole, 4 N Y 2d 617, 621.)
*110 When the jury disagreed here, such disagreement was in law no trial at all. Therefore, in view of the reinstatement of the prior conviction the defendant may be reindicted and tried upon a superseding indictment charging the graver crime of carnal abuse as a felony (see People ex rel. Bullock v. Hayes, 166 App, Div. 507, affd. 215 N. Y. 172; People v. Smith, 172 N. Y. 210; People v. Schmetterer, 50 N. Y. S. 2d 297; People v. McGrath, 202 N. Y. 445).
However, it would seem that under the present section 275-b of the Code of Criminal Procedure (as amd. by L. 1961, ch. 687, eff. July 1, 1961) the indictment should contain no allegation as to the prior conviction for the same offense (see subd. 1) although it may refer to .the basic crime “asa felony ’ ’ without reference to such prior conviction (see subd. 2) —and a separate information charging the defendant with having been previously convicted of such other crime may be filed with the indictment (see subd. 3).
The 1961 amendment of section 275-b applies to trials taking place after its effective date (see People v. Blume, 12 N Y 2d 705).
In view of the foregoing this court holds that the prosecution of the defendant on a charge of carnal abuse as a felony would not constitute double jeopardy — and such claim is hereby disallowed.
By reason of the action of the trial court with reference to count 1 of the present indictment, the recent amendment to section 275-b above mentioned and the reinstatement of the prior conviction — this matter should be submitted to another Grand Jury for a superseding indictment charging the crime of carnal abuse as a felony. It may be so submitted without an .order (see People v. Roth, 128 Misc. 550).
The court is mindful of the fact that this case has already been tried twice. Therefore the validity of any new indictment and the question of double jeopardy should be first resolved before proceeding with a third prosecution. An efficacious remedy is afforded by way of prohibition (Civ. Prac. Act,,art. 78), if there is any doubt about the correctness of this decision.
In the event the defendant decides to avail himself of such remedy, a proceeding shall be commenced within 30 days from the date of the entry of an order herein and prosecuted with all diligence to the end that both the People and the defendant may have their day in court without further delay.
This case will be set down for trial within 30 days following the date an order herein becomes final.