■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN T. DORIAN, Respondent.— Appeal by the People from an order of the former County Court, Queens County, entered March 7, 1962, which granted defendant's motion and dismissed an indictment charging the defendant with burglary in the third degree (two counts) and grand larceny in the first degree (two counts). Order reversed on the law and the facts, motion denied, and indictment reinstated. On defendant's motion, a prior indictment returned February 6, 1961, charging the defendant with the identical crimes, was dismissed by the court because it was based upon insufficient evidence before the Grand Jury. In the court's opinion, but not in its order of dismissal, the court stated that said indictment was dismissed "with leave to the District Attorney to resubmit to the Grand Jury, if he deems it advisable, on or before June 30, 1961." The District Attorney did not resubmit the case to the Grand Jury until December, 1961. On December 14, 1961 the Grand Jury returned a new indictment (the subject of this appeal) against defendant; on January 9, 1962 the defendant was arraigned thereon, pleading not guilty; and on February 19, 1962 he moved to dismiss the new indictment on the grounds: (1) "that it was improperly returned by the Grand Jury"; and (2) that it "denies the defendant his right to a speedy trial". The order appealed from resulted. In our opinion, where, as here, an indictment is dismissed because of the insufficiency or illegality of the evidence before the Grand Jury, no order is necessary for resubmission of the charges to another Grand Jury (*People* v. *Lenoci*, 13 Misc 2d 789; *People* v. *Raymo*, 32 Misc 2d 534; *People* v. *Benson*, 208 Misc. 138; cf. *People* v. *Rodriguez*, 11 N Y 2d 279; *People* v. *Leyra*, 1 N Y 2d 199, 202; *People* v. *Rosenthal*, 197 N. Y. 394, 400–401). The directive as to resubmission in the present case was therefore a nullity (cf. *People ex rel. Grossman* v. *Warden*, 172 Misc. 185; *People* v. *Roth*, 128 Misc. 550); it did not impair the validity of the new indictment returned by the Grand Jury (cf. *People* v. *Stern*, 3 N Y 2d 658, 662–663). In any event, it is the court's order and not the court's opinion which is controlling (cf. *Halpern* v. *Amtorg Trading Corp.*, 292 N. Y. 42, 47–48); and in the order there is no direction respecting resubmission. Nor, in our opinion, did the procuring of the new indictment violate defendant's right to a speedy trial (*People* v. *Rodriguez*, 11 N Y 2d 279, 285, *supra*).

Inasmuch as there was no showing that defendant was "held to answer for a crime" pending resubmission, the delay between the time of the dismissal of the first indictment and the return of the second is immaterial (Code Crim. Pro., § 667; cf. *People* v. *Gearns*, 14 Misc 2d 1010). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.