In the Matter of ALFRED BISHOP, Petitioner, *v.* SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.

Third Department, July 18, 1963.

*John Lo Pinto* for petitioner.

*Richard B. Thaler, District Attorney,* for respondents.

HERLIHY, J. This is an application by the petitioner pursuant to article 78 of the Civil Practice Act for an order of prohibition to prevent his trial on the charge of carnal abuse as a felony.

An indictment was returned on December 8, 1960, charging the petitioner with the crime of carnal abuse of a child as a felony, based upon his prior conviction of carnal abuse in 1937. On December 15, 1960 an order vacating the judgment of conviction in 1937 was entered and thereafter on January 9, 1961 a notice of appeal was filed from such order.

The petitioner, through his attorney, on January 9, 1961 moved for immediate trial of the indictment and it was set down for March 6, 1961. The first trial commenced on that date and at the end of the People's case a motion was made for dismissal of count one in the indictment (the felony count), which was granted for lack of proof, and the trial of the misdemeanor count resulted in a disagreement by the jury. Thereafter, the petitioner again stood trial on the misdemeanor count which also resulted in a disagreement by the jury.

Subsequent to the second trial and on November 22, 1961, this court reversed the order of vacatur of the 1937 conviction and which was thereafter affirmed by the Court of Appeals.

The petitioner now contends that to try him on a felony count either by the present or superseding indictment, as directed by Special Term, would place him in jeopardy.

Section 275-b of the Code of Criminal Procedure prohibiting an indictment from referring to any previous convictions became effective July 1, 1961 and after filing of the notice of appeal by the District Attorney, he had three alternatives: (1) To move for a stay of all proceedings, including the trial, pending the outcome of the appeal from the order of vacatur; (2) to move to strike the felony count from the indictment without prejudice; (3) to move for a severance and trial of the misdemeanor count separately.

When the People moved for a retrial of the petitioner on the charge as a felony, the Special Term held that inasmuch as the prior conviction had been vacated prior to the first trial, the charge of a felony was a nullity and petitioner was never in jeopardy.

In *People* v. *Church* (7 A D 2d 817) this court pointed out that proof of the prior conviction upon the trial was essential in

order to convict the defendant of a felony. Such language in regard to the prior conviction would be meaningless unless it means that the prior conviction is to be shown in the same manner as a *fact* in any other case.

In this case the People proceeded to trial on the charge of carnal abuse as a felony, with full knowledge that at the time of trial they could not prove a prior conviction. The People did not offer any proof as to the prior conviction and at the end of the People's case, the defense moved to dismiss count one insofar as it alleged a felony for a failure of proof of a prior conviction. The court granted the motion saying: "The second paragraph of count I [the charge of a prior conviction] must be stricken by reason of the proceedings in the Tioga County Court [the vacatur]".

There was no difference for jeopardy purposes that the felony count was dismissed rather than that there was a jury verdict of not guilty. (See *People* v. *Reed,* 276 N. Y. 5, 12.)

There was obviously a failure of proof as to the prior conviction since it had been vacated prior to the commencement of the trial and had not been reinstated on appeal as of the time of the petitioner's motion for an immediate trial.

We determine that the allegation in the indictment charging the petitioner with a felony because of his prior conviction was not a nullity but the subsequent events came about because of the People's inability to prove a necessary element of the indictment. The People knowingly proceeded to trial when they had protective remedies as hereinbefore outlined. The petitioner was put in jeopardy at the commencement of the trial under the original indictment and the dismissal of count one, charging the felony, was actually an acquittal of that charge for failure of proof. (The petitioner was in danger of a felony conviction inasmuch as the 1937 conviction might have been reinstated before the People rested and the dismissal of the felony count was a procedurally valid judgment.)

In *People ex rel. Stabile* v. *Warden* (202 N. Y. 138, 150) the court said at page 151: "If the jury is discharged without the defendant's consent merely because the public prosecutor is not prepared with his evidence, the defendant is entitled to his discharge because he has once been put in jeopardy within the constitutional provisions. (*People* v. *Barrett,* 2 Caine's Rep. 304; *Grant* v. *People,* 4 Park. Crim. Rep. 527; *Klock* v. *People,* 2 Park Crim. Rep. 676.)"

In *People ex rel. Meyer* v. *Warden* (269 N. Y. 426) the court said at page 428: "The general rule in this State is that if the court has jurisdiction and all prior proceedings are valid, a

prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given.''

The order in the nature of prohibition should be granted.

Order in the nature of prohibition granted, without costs.

BERGAN, P. J., COON and TAYLOR, JJ., concur; REYNOLDS, J., dissents and votes to deny on the opinion of Mr. Justice McAVOY at Special Term. (*People* v. *Bishop,* 38 Misc 2d 106.)