Howard A. Zeller, J.
On December 9, 1960 defendant was indicted by a Tompkins County Grand Jury for carnal abuse as a felony, assault second degree (three counts), sodomy first degree (three counts) and sodomy second degree. On arraignment defendant entered a not guilty plea.
A jury trial was held in Tompkins County Court in March, 1961 but the jury was unable to agree. A second jury trial begun in June, 1961 also resulted in a disagreement. (Three counts of the indictment were dismissed previous to the second trial.)
In November, 1961 the trial venue was changed to the Supreme Court for Broome County upon the ground that a further trial in Tompkins County could not be fair and impartial. (People v. Bishop, 14 A D 2d 982.)
Motions, appeals and other proceedings have delayed a third trial. (See, e.g., People v. Bishop, 14 A D 2d 376 [1961], affd. 11 N Y 2d 854 [1962] ; People v. Bishop, 38 Misc 2d 106 [1962] ; Matter of Bishop v. Supreme Ct., 19 A D 2d 296 [1963], revd. 14 N Y 2d 321 [1964], cert. den. 380 U. S. 909.)
Defendant now tenders in open court a written waiver of a trial by jury. He consents that he be tried before a Judge alone and stipulates, inter alia, that the Judge decide his guilt or innocence of the counts now remaining in the indictment on the *214 typewritten record of the first trial. The District Attorney joins in this stipulation.
Insofar as relevant, section 2 of article I of the New. York Constitution provides: “Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever * * * A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense.”
The Court of Appeals has held that a Judge must give his approval if he be satisfied that the jury waiver is tendered in good faith and not as a stratagem to procure an otherwise impermissible procedural advantage and if the Judge be satisfied that the defendant is fully aware of the consequences of the choice he is making. (People v. Duchin, 12 N Y 2d 351.)
The Court of Appeals has also commented upon a trial by a Judge alone on the record of a previous trial when requested by a defendant. In Matter of Nolan v. Court of Gen. Sessions (11 N Y 2d 114) that court said at page 119: “In a criminal cause, however, when defendants have validly waived a jury, the evidence can be offered in such form as the parties agree to with the Judge’s consent.”
Defendant Bishop has been in jail since October 27, 1960 not serving any sentence but rather awaiting disposition of the charges. Defendant and the District Attorney now seek this method of obtaining a determination of defendant’s guilt or innocence. In my opinion defendant’s waiver is tendered in good faith and not to obtain an impermissible procedural advantage. I believe he is fully aware of the consequences of the waiver. It will eliminate the possibility of another jury disagreement.
The method of submitting the evidence suggested by the defendant and the District Attorney is not unreasonable considering that witnesses’ memories of events of more than four and a half years ago may have dimmed, recollections altered and that other circumstances may have changed.
I hereby approve the waiver of jury trial and the stipulation as submitted.