Hugh R. Elwyn, J.
During the course of a trial of the defendants Jevins and Zuboff in February, 1969 upon an indictment charging burglary in the third degree, counsel for the defendants moved for an inspection of the Grand Jury minutes and for a dismissal of the indictment upon the grounds that there was insufficient evidence before the Grand Jury to support an indictment for a crime.
It .appears from the transcript of the trial that the Grand Jury minutes were not available to the District Attorney at the commencement of the trial and that because the indictment was returned by the Grand Jury prior to his taking office he had no personal knowledge of the evidence upon which the indictment had been obtained. It was only after the trial had commenced that he was able to secure the Grand Jury minutes.
However, after reading the minutes and analyzing them and before the court ruled on the defendants’ motion for a dismissal *767 of the indictment, on which it had reserved decision, the District Attorney, with admirable candor, stated to the court, ‘11 find that I must state in candor to this Court I must concede, I believe it’s my duty to concede, that the testimony before the Grand Jury was altogether inadequate to sustain an indictment. ’ ’ After some further colloquy between the court and the District Attorney, the transcript of the proceedings shows that he agreed with the court’s statement that if the indictment is not valid because of insufficient evidence, then the trial would be a nullity. Thereupon, the court granted the defendants’ motion and dismissed the indictment for insufficiency.
The defendants were thereafter again indicted by the April 1969 Grand Jury of Sullivan County for the crimes of' burglary in the third degree and petit larceny arising out of the same facts and circumstances as the original indictment of November 8,1968. The defendants have each pleaded “ Not Guilty ” to the new indictment and have raised the issue of double jeopardy, contending that to compel them to stand trial under the new indictment would place them in double jeopardy in contravention of their constitutional rights under both the Constitution of the United States and the Constitution of the State of New York (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6).
The defendants assert that they were placed in jeopardy at their trial when the jury was examined and sworn, witnesses were sworn and evidence given (People ex rel. Meyer v. Warden, 269 N. Y. 426; Matter of Bland v. Supreme Ct., 20 N Y 2d 552). Also, they rightly point out that the guarantee contained in the Fifth Amendment to the United States Constitution is by virtue of the due process clause of the Fourteenth Amendment applicable to the States and “ that the ruling on double jeopardy in Hetenyi [United States ex rel. Hetenyi v. Wilkins, 348 F. 2d 844, cert, den., Mancusi v. Hetenyi, 383 U. S. 913] is the law of the land.” (People v. Ressler, 17 N Y 2d 174, 181.)
However, whether jeopardy be deemed to attach when the jury is sworn as is the rule in the Federal courts (Downum v. United States, 372 U. S. 734) or when the jury has been sworn and evidence given as is still “ the time honored rule in New York State ” (Matter of Bland v. Supreme Ct., supra, pp. 554, 555), jeopardy attaches in either case only if the defendant has been placed on trial on a valid indictment. ‘1 The general rule in this State is that if the court has jurisdiction and all prior proceedings are valid, a prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given.” (People ex rel. Meyer v. Warden, supra, p. 428; emphasis supplied.)
*768 Judge Breitel in Ms dissenting ppinion in Matter of Bland v. Supreme Ct. (supra, p. 556) in the development of his argument for New York’s adoption of the Federal rule states: “ Under the rule which prevails in all other States which have considered the question and in the Federal courts, jeopardy attaches in a jury-tried case ‘ when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned, and has pleaded, and a jury has been impaneled and sworn ’. (22 C. J. S., Criminal Law, § 241, p. 637 citing some 33 States in accord.”) (Emphasis supplied.)
The dissenting opinion on Matter of Bland also traces the origin of the rule of People ex rel. Meyer v. Warden (269 N. Y. 426) to an earlier statement in King v. People (5 Hun 297). In the King case the court stated (p. 299): “ In other courts and in other States a very technical rule is adopted. A prisoner is held to have been once in jeopardy if a jury has been [impanelled] and discharged, or allowed to separate before or without a verdict (Whart., §§ 573-580.) I think that our courts have not gone beyond this: that a prisoner is once in jeopardy when he has been arraigned and pleaded to a valid indictment, a jury has been sworn, and evidence given, and then, without his consent, a juror has been withdrawn * * * (People v. Barrett, 2 Caines 304) ” (emphasis supplied).
All the varying statements of the rule as to when a person has been placed in jeopardy postulate the validity of prior proceedings resulting in a plea to a valid indictment. Since the indictment under which these defendants were partially tried is concededly invalid, and 1 ‘ consequently any subsequent proceedings resting thereon are similarly invalid” (People v. Jackson, 18 N Y 2d 516, 520), the defendants were never in jeopardy under either rule defining the point of time at which jeopardy attaches. Since the indictment was invalid and the trial a nullity, there is no constitutional reason why they may not be reindicted (People v. Jackson, supra, pp. 520-521; People v. Cottone, 31 A D 2d 828). Such an indictment is not subject to dismissal on the ground that it places the defendant twice in jeopardy for the same offense (People v. Palen, 7 A D 2d 791, affd. 7 N Y 2d 107).
Moreover, in spite of references in People v. Jackson (supra) and People v. Cottone (supra) to reindictment under section 270 of the Code of Criminal Procedure where an indictment is dismissed because of the insufficiency or illegality of the evidence before the Grand Jury, no permission of the court or court order is necessary for resubmission of the charges to another *769 Grand Jury (People v. Ryan, 11 A D 2d 155; People v. Dorian, 18 A D 2d 1008; People ex rel. Coyle v. Truesdell, 259 App. Div. 282; People v. Lenoci, 13 Misc 2d 789; People v. Mollica, 25 Misc 2d 877; People v. Raymo, 32 Misc 2d 534; People v. Colletti, 42 Misc 2d 158; People v. Benson, 208 Misc. 138; People v. Roth, 128 Misc. 550; People ex rel. Grossman v. Warden, 172 Misc. 185).
Section 270 of the Code of Criminal Procedure which, in the event of a dismissal of the' charge, proscribes resubmission of the charge without the direction of the court is inapplicable to this situation. ‘ ‘ That section applies only to cases in which the Grand Jury had failed to indict after evidence had been presented to it. Once an indictment has been found by the Grand Jury, section 270 has no further application.” (People v. Lenoci, supra, p. 790.)
For the foregoing reasons, it is the determination of the court that, under the circumstances of this case, the defendants may be reindicted by the Grand Jury without the direction of the court and that their retrial under the superseding indictment does not constitute double jeopardy. The defendants’ motion to dismiss the superseding indictment is denied.